Jason Anderson
Law Offices of Jason Anderson
8015 15th Ave NW Ste 5
Seattle, WA 98117
P: 206-706-2882
E: jason@jasonandersonlaw.com

Honorable Richard A Jones

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF

WASHINGTON AT TACOMA

JOHN E COLLINS

v.

PNC BANK

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: 15-858

MOTION FOR A TEMPORARY
RESTRAINING ORDER

## I. INTRODUCTION AND RELIEF REQUESTED

The Plaintiff hereby moves this court for entry of a temporary restraining order restraining a trustee sale of the Plaintiff's property until (1) the period to request alternatives to foreclosure expires in correspondence sent by PNC Bank to the Plaintiff on January 25, 2016, and (2) until the appeal period in the Plaintiff's modification expires on February 24, 2016 as outlined in the letter. This relief is sought first and foremost to hold PNC Bank to the timelines identified in its own correspondence to the Plaintiff.

## II. FACTS

John E Collins filed the present action alleging that PNC Bank prematurely put his loan into default status and stopped taking his payments. The allegations are laid out in more detail

in the complaint filed in this case. In an attempt to resolve matters with PNC Bank, Mr. Collins put together his financials and applied for a modification of the present loan. PNC Bank invited Mr. Collins to apply for this modification.

PNC Bank has also been moving forward with a nonjudicial foreclosure of Mr. Collins property. It has presently continued a trustee sale to February 5, 2016. The sale was continued while PNC Bank reviewed the application for a modification. This application was denied on January 25, 2016. Mr. Collins learned of the denial on January 27, 2016 when he received a letter from PNC Bank informing him of the denial. A copy of this letter is attached to the declaration of John Collins.

While the letter contains a denial of the application, it identifies two stages of the modification process that are not completed. Specifically, PNC Bank provided Mr. Collins an opportunity until February 8, 2016 to apply for consideration of liquidation options with respect to his property. Further, PNC Bank identified that an appeal may be filed for the denial of the modification until February 24, 2016.

With respect to the window of time to apply for consideration of liquidation options, the letter states:

> Please be advised that if PNC Mortgage does not receive a signed and dated Request to Continue with the Liquidation Eligibility page by February 8, 2016, then normal servicing of your loan will continue, which may include collection and foreclosure proceedings, as well as negative credit bureau reporting, if applicable. If these proceedings were previously suspended, they may begin once more.

> Once we have received the signed and dated Request to Continue with the Liquidation Eligibility page, we will not refer your loan to foreclosure, or if you loan has already been referred to foreclosure, we will continue to suspend the next legal action in the foreclosure proceedings.

The plain reading of these statements indicates that PNC Bank will suspend all

2

MOTION FOR A TRO

foreclosure proceedings until February 8, 2016. Mr. Collins would like to rely on this representation. However, the foreclosure trustee, Northwest Trustee Services Inc., indicates that the sale is still set for February 5, 2016. The trustee has not responded to requests as to whether it will honor the statement in the PNC Bank letter indicating that all foreclosure proceedings will remain suspended. The letter in question identifies a contact at PNC Bank for Mr. Collins to call. However, when he calls that number he is given a recorded message stating that since his loan is in active litigation PNC Bank will not talk to him directly. Counsel for PNC Bank claims he does not yet know what his client will do but indicates that the sale is set for February 5, 2016 and is unlikely to change.

The letter also states that Mr. Collins has thirty days to appeal the denial of his application for a modification – stating:

> If you wish to dispute this denial, we must receive your request by February 24, 2016. Your request should include your full name, loan number, and property address and any written evidence to support your dispute. You may submit your request via email to MHA_Inquiry@pncmortgage.com or you may submit a request in writing to PNC Mortage/MHA, BB-YM08-01-9, 3223 Newark Drive, Miamisburg, OH 45342-5421.

There are HAMP guidelines that provide that a servicer is required to stay any foreclosure proceedings during the thirty days following denial of a modification to allow a borrower to pursue such an appeal. See Directive 10-2.

The letter in question indicates that if a borrower has questions he is instructed to call his representative "KELLY W at 1-888-224-4702 ext. 9370720074. Representatives are available Monday through Friday, 8:00 am to 5:00 pm." However calls to that number reach a voice mail that states that the case is in active litigation.

PNC Bank is a large bank. In a consent judgment entered with the Comptroller in 2010, it found that PNC Bank serviced 1,000,000 mortgages. The letter in question looks much like a

3

MOTION FOR A TRO

form letter one would expect from a large institution like PNC Bank. However, it appears that in Mr. Collins situation and likely other situations among other clients of PNC Bank, that PNC Bank is ignoring the implicit and explicit representations it is making in this form letter.

## III. EVIDENCE

Declaration of John Collins

Case file

## IV. ISSUE

Whether a Temporary Restraining Order should be issued restraining the Trustee Sale of the Plaintiff's property.

## V. AUTHORITY AND ARGUMENT

The plaintiffs seek a preliminary injunction under the Washington Deed of Trust Act and alternatively under Civil Rule 65(a). An injunction is appropriate because PNC should be (1) estopped from foreclosing on the property during the timeline when it is still soliciting documents, and (2) PNC's practice of routinely disregarding its own letters in an unfair and deceptive act or practice.

A. THE TRUSTEE SALE SHOULD BE RESTRAINED UNDER THE DEED OF TRUST ACT.

The Washington Deed of Trust Act has its own injunction remedy, allowing a restraint of a non-judicial sale by any interested party and on "any proper legal or equitable ground" RCW 61.24.130(1). See also, Hoffman, *Court Action Contesting the Non Judicial Foreclosure of Deeds of Trust in Washington*. 59 W.Law.Rev 323 (1984). ("The process should allow interested parties to have an adequate opportunity to prevent wrongful foreclosure.")

MOTION FOR A TRO

4

A sale under the Washington Deed of Trust act is typically final. See RCW 61.24.050(1). The Plaintiff will suffer irreparable harm if the sale is not restrained. In addition to the Deed of Trust Act, a sale may be restrained pursuant to Civil Rule 65(a) and chapter 7.40 RCW.

**B. PNC SHOULD BE ESTOPPED FROM CONDUCTING A FORECLOSURE ON FEBRUARY 5, 2016.**

PNC Bank indicated in its letter that it would not pursue foreclosure proceedings until after February 8, 2016 to allow John Collins an opportunity to pursue an alternate basis for resolving his loan. This indicates that PNC Bank intends to continue or cancel the trustee sale scheduled for February 5, 2016. Mr. Collins is relying on this representation by PNC Bank that it will not foreclose before February 5, 2016. This means he will not be exercising other options such as filing bankruptcy or a receivership. Under these circumstances the doctrine of promissory estoppels applies. This court should enforce PNC Bank's promise to prevent the injustice of PNC completing a foreclosure after promising otherwise in its correspondence. The elements of promissory estoppel are outlined in the *Washington Pattern Jury Civil Instructions. WPI 301A.01.*

**C. AN INJUNCTION SHOULD BE ENTERED RESTRAINING PNC BANK FROM ENGAGING IN AN UNFAIR AND DECEPTIVE ACT OR PRACTICE**

PNC Bank services approximately 1,000,000 loans. To manage the volume of loans it handles it uses form letters for correspondence with its borrowers. One example of the form letters it uses is the letter attached to the Declaration of John E Collins. This letter represents to PNC Bank borrowers including Mr. Collins that after PNC Bank rejects options to modify a loan, that the any foreclosure will be suspended for an additional amount of time to allow the

5

MOTION FOR A TRO

borrower to apply for another alternative to foreclosure.

As of this point, Northwest Trustee Services, the foreclosure trustee for PNC Bank indicates that it is still planning to foreclose on February 5, 2016 – before the February 8, 2016 date.

Making a statement in writing that a foreclosure would not proceed until after February 8, 2016 while proceeding with a foreclosure set for February 5, 2016 is a deceptive act. It is also an unfair act. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 295 P.3d 1179, 1187 (Wash. 2013). To base a claim on deceptive action, a "plaintiff need not show the act in question was intended to deceive, only that it had the capacity to deceive a substantial portion of the public." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 204 P.3d 885, 899 (Wash. 2009).

John Collins has already suffered injury to his business due to the time he has spent personally to try to contact PNC Bank without success to investigate what it plans to do. Since this appears to be a form letter, it is likely that PNC Bank routinely sends out letters of this sort to other borrowers while still proceeding with a trustee sale. Under these circumstances an order restraining the trustee sale should be entered.

**D. THE SALE SHOULD BE RESTRAINED THROUGH THE APPEAL PERIOD IDENTIFIED IN THE LETTER.**

The appeal period identified in the letter extends through February 24, 2016. An appeal of denial of modification does not mean much if the property is sold in the mean time. Any stay should extend through the February 24, 2016 appeal period until after the any appeal is resolved.

HAMP Directive 10-2 provides that a servicer must provide a borrower thirty days after a loan modification application is denied to appeal the denial. A CFPB rule also provides as

MOTION FOR A TRO

Law Office of Jason E. Anderson
8015 15TH Ave NW
Seattle, WA 98117
(206) 706-2882 / Fax (206) 783-0653
email: Jason@jasonandersonlaw.com

much. A consumer such as John Collins would expect that PNC Bank would follow the HAMP

directives and CFPB rules governing his mortgage. The failure of PNC Bank to follow these

guidelines is an unfair act and possible a deceptive act. Pursuant to the Washington Consumer

Protection Act this court should enter an order restraining any trustee sale until Mr. Collins is

able to complete his appeal of the denial of his modification. (Copies of these two regulations

will be provided in a supplement to this motion).

### E. THE COURT SHOULD WAIVE THE REQUIREMENT OF A BOND.

Bowcutt v. Delta North Star Corp., 95 Wash. App. 311, 976 P. 2d. 643 (1999) found

that where a plaintiff in a suit to enjoin a trustee's sale based on rights provided by a statute

other than the Deeds of Trusts Act, RCW 61.24.130, or due to likely violations of such other

statute on the part of the trustee and the deed of trust beneficiary, a superior court need not

require the posting of a bond pursuant to RCW 61.24.130(1) to grant the injunction.  Since the

Trustee's actions have fit under several categories of legal action in addition to the Deed of

Trust Act, the court should not require the posting of a bond.

In the event the court requires the posting of a bond, the plaintiff proposes that the bond

be set at a rate of $1833.77 per month while the litigation continues.

### 6.  CONCLUSION

For the reasons stated herein, this Motion for Preliminary Injunction should be granted.

No bond should be necessary.  In the event this court requires the posting of a bond, the

plaintiff proposes that he be required to post $1,833.77 to be paid into the registry of the court.

The note, see **Exhibit E**, provides for monthly payments of $1,833.77.

### 7.  PROPOSED ORDER

MOTION FOR A TRO

Law Office of Jason E. Anderson
8015 15TH Ave NW
Seattle, WA 98117
(206) 706-2882 / Fax (206) 783-0653
email: Jason@jasonandersonlaw.com

February 1, 2016

_/s/ Jason Anderson_
Jason Anderson WSBA #32232
Attorney for Plaintiff


Enclosure - the PNC Bank letter in question is attached as an exhibit for convenience. Portions quoted in the brief are highlighted.

MOTION FOR A TRO

Law Office of Jason E. Anderson
8015 15TH Ave NW
Seattle, WA 98117
(206) 706-2882 / Fax (206) 783-0653
email: Jason@jasonandersonlaw.com

# PNC MORTGAGE℠

A Division of PNC Bank, National Association

**Loss Mitigation Contact Information:**
PNC Mortgage, B6-YM09-02-2
3232 Newmark Drive
Miamisburg, OH 45342-5421
1-888-224-4702

LOAN NUMBER      ███1679
DATE      January 25, 2016
PAGE 1 OF 4

JAKE COLLINS
5021 190TH PLACE NE
SAMMAMISH, WA 98074

**Property Address:**
16942 NE 42ND ST
REDMOND, WA 98052

 **Based on a review of the information you provided, we are unable to offer mortgage payment assistance to you at this time.**

**Here are the results of your review:**

We have received your request for assistance. Based on a review of the information you provided, we are unable to offer mortgage payment assistance at this time.

However, you are eligible but not yet approved for a liquidation option. If you are interested in learning more about your liquidation options, please contact your representative KELLY W at 1-888-224-4702 ext. 9370720074. For your reference, these options are described below:

- **Short Sale:** When you owe more than your home is worth, you may be able to sell your home and pay off a portion of your mortgage balance. This allows you to transition out of your home without going through foreclosure. In some cases, relocation assistance may be available.

- **Deed-in-Lieu of Foreclosure:** You may transfer ownership of your property to us. This allows you to transition out of your home without going through foreclosure. This option works best when there are no other liens on your property. In some cases, relocation assistance may be available.

**Here are instructions for continuing the liquidation eligibility:**

To continue with the liquidation eligibility, you must follow the steps outlined below. Please note that PNC Mortgage must receive the signed and dated Request to Continue with the Liquidation Eligibility page by February 8, 2016.

- Sign and date the Request to Continue with the Liquidation Eligibility page.
- Keep a copy of this entire letter for your records.
- Return the signed Offer Acceptance page using the enclosed Fed-Ex label (you can take it to any Fed-Ex drop box or Kinkos). Or, you may fax it to us at 1-855-288-3974.
- Additional information will be provided to you after this page has been returned.

Please be advised that if PNC Mortgage does not receive a signed and dated Request to Continue with the Liquidation Eligibility page by February 8, 2016, then normal servicing of your loan will continue, which may include collection and foreclosure proceedings, as well as negative credit bureau reporting, if applicable. If these proceedings were previously suspended, they may begin once more.

Once we have received the signed and dated Request to Continue with the Liquidation Eligibility page, we will not refer your loan to foreclosure, or if your loan has already been referred to foreclosure, we will continue to suspend the next legal action in the foreclosure proceedings.

If we do not receive a signed and dated Request to Continue with the Liquidation Eligibility page by February 8, 2016, the request to continue with your liquidation eligibility will be considered revoked.

*continue to next page*

SM_RtnDn_v02.11

To request information or notify us of an error regarding your account, please send a written request/notice to
PNC Mortgage
PO Box 8807
Dayton, OH 45401-8807



![PNC MORTGAGE℠]

A Division of PNC Bank, National Association

LOAN NUMBER ████ 1679
DATE                Jan 25, 2016
PAGE 2 OF 4

---

**Here is information about other Loss Mitigation options you were not approved to receive:**

We have completed our review of your hardship assistance request under the Making Home Affordable (MHA) Program. However, your assignee or mortgage owner, PNC BANK, NATIONAL ASSOCIATION, cannot approve your request for assistance for the:

- Making Home Affordable HAMP Modification because your mortgage loan is secured by a property that does not serve as your principal residence.
- Making Home Affordable HAMP Tier II Modification because the proposed modified monthly payment, which includes a modified monthly principal and interest payment on your first lien mortgage loan plus property taxes, hazard insurance premiums, and homeowners dues (if any) was outside the range of 10 - 55% of your gross monthly income.

If you wish to dispute this denial, we must receive your request by February 24, 2016. Your request should include your full name, loan number, and property address and any written evidence to support your dispute. You may submit your request via email to MHA_Inquiry@pncmortgage.com or you may submit a request in writing to PNC Mortgage/MHA, B6-YM08-01-9, 3232 Newmark Drive, Miamisburg, OH 45342-5421.

We have completed our review of your hardship assistance request. However, your assignee or mortgage owner, PNC BANK, NATIONAL ASSOCIATION, cannot approve your request for assistance for the:

- Cap and Extend Modification because the proposed modified monthly mortgage payment was outside the target payment range defined and allowed by the assignee / mortgage owner or private mortgage insurance company of your loan.
- Debt To Income Modification because you have insufficient income to afford a modified mortgage payment and pay required taxes, insurance and other related property expenses.
- Debt To Income Modification because the total delinquency of your mortgage loan exceeds the number of months allowed by the assignee / mortgage owner or private mortgage insurance company of your loan.

We have completed our review of your hardship assistance request. However, we cannot approve your request for assistance for the:

- Home Affordable Unemployment Program (UP) because the basic eligibility criteria for one or more foreclosure alternatives has not been met because the borrower and/or co-borrower are employed.
- Reduced Payment Forbearance Plan because based on the information provided in your Loss Mitigation Borrower Response Package (BRP), you have not documented a temporary financial hardship that meets the guidelines set forth by the assignee / mortgage owner or private mortgage insurance company of your loan.
- Reduced Payment Forbearance Plan because based on the information provided in your Loss Mitigation Borrower Response Package (BRP), you have not documented a temporary financial hardship that meets the guidelines set forth by the assignee / mortgage owner or private mortgage insurance company of your loan.
- Suspended Payment Forbearance Plan because documentation has been received too close to the scheduled foreclosure sale date and does not allow sufficient time for review.
- Repayment Plan because it is not possible to create an affordable payment without changing the terms of your loan beyond the requirements of the assignee / mortgage owner or private mortgage insurance company of your loan.
- Repayment Plan because it is not possible to create an affordable payment without changing the terms of your loan beyond the requirements of the assignee / mortgage owner or private mortgage insurance company of your loan.
- Short Sale because Your stated intent is to retain the subject property; therefore, you were not evaluated for liquidation options.
- Deed In Lieu because Your stated intent is to retain the subject property; therefore, you were not evaluated for liquidation options.

Your assignee or mortgage owner has provided a hierarchy of loss mitigation options that can be offered based on a borrower's financial situation. According to this hierarchy, PNC has made the only offer available to you, resulting in the denial of any other loss mitigation options, including loan modifications, below the offered option in the hierarchy.

continue to next page

LM_Rtnbn_v02.11

To request information or notify us of an error regarding your account, please send a written request/notice to
**PNC Mortgage
PO Box 8807
Dayton, OH 45401-8807**



Loan: 0001971679  Doc Type: OFFER LETTER RESPONSE (1199)

**PNC MORTGAGE**℠

A Division of PNC Bank, National Association

---

**Here is how you can reach us if you have questions or need assistance:**

Our goal is to help you make informed decisions regarding your home loan, and we are available to support you through this process. If your financial situation changes or if you have any questions, please contact your representative KELLY W at 1-888-224-4702 ext. 9370720074. Representatives are available Monday through Friday, 8:00 a.m. to 5:00 p.m. You can also visit us online at pnc.com/mortgage; navigate to the Customer Service Center and click the "Having Trouble Making Payments" link.

If you would like additional counseling, you may consider contacting the HOPE Hotline at 1-888-995-HOPE. A project of the nonprofit Homeownership Preservation Foundation, the HOPE Hotline connects homeowners with HUD-approved housing counselors, who offer assistance at no charge.

---

This is an attempt to collect a debt and/or enforce our lien. Any information obtained will be used for that purpose unless prohibited by applicable law. However, if this debt has been discharged or if you are protected by the automatic stay in bankruptcy, we are not attempting to collect the debt from you personally, and if we have obtained relief from the automatic stay, we will only exercise our rights against the property itself. By providing this notice we do not waive any applicable exemptions from state or federal collection laws.

If you are requesting loss mitigation, please note that normal collection and/or foreclosure activity will continue on your loan to the extent allowed by law while your request is being reviewed. Any information requested may be necessary to determine your eligibility for loss mitigation options.

There may be additional fees and costs, that have been incurred but that are not included in this document because they have not yet been applied to your account. To the extent they are fees we are permitted to recover from you under the terms of the note and mortgage, or other agreement you have entered into, you will be responsible for these fees and costs when they are applied to your account.

*continue to next page*

To request information or notify us of an error regarding your account, please send a written request/notice to:
**PNC Mortgage**
**PO Box 8807**
**Dayton, OH 45401-8807**

CM_RtnPB_V02_11



Loan: 0001971679  Doc Type: OFFER LETTER RESPONSE (1199)

**PNC**
**MORTGAGE**℠
A Division of PNC Bank, National Association

Loss Mitigation Contact Information:
PNC Mortgage, B6-YM09-02-2
3232 Newmark Drive
Miamisburg, OH 45342-5421
1-888-224-4702

PAGE 4 OF 4

## REQUEST TO CONTINUE WITH THE LIQUIDATION ELIGIBILITY

January 25, 2016
Loan Number: ▓▓▓▓1679

**Instructions:**
Please sign and date this page and send it to us using the enclosed Fed-Ex label (you can take it to any Fed-Ex drop box or Kinkos). Or, you may fax it to us at 1-855-288-3974. Please note that we must receive your signed and dated Request to Continue with the Liquidation Eligibility by February 8, 2016.

With my signature, I agree to continue with the liquidation eligibility.

JAKE COLLINS
_____
**Borrower Name**


_____        _____
**Borrower Signature**                                                           **Date**


GK_RsnDc_v02.11

To request information or notify us of an error regarding your account, please send a written request/notice to:
**PNC Mortgage**
**PO Box 8807**
**Dayton, OH 45401-8807**



Loan: 0001971679 Doc Type: OFFER LETTER RESPONSE (1199)

# PNC MORTGAGE℠

A Division of PNC Bank, National Association

Loss Mitigation Contact Information:
PNC Mortgage, B6-YM09-02-2
3232 Newmark Drive
Miamisburg, OH 45342-5421
1-888-224-4702

| | |
|---|---|
| LOAN NUMBER | ▮▮▮1679 |
| DATE | January 25, 2016 |
| PAGE 1 OF 9 | |

JAKE COLLINS
5021 190TH PLACE NE
SAMMAMISH, WA 98074

**Property Address:**
16942 NE 42ND ST
REDMOND, WA 98052

 **Post Modification DTI Outside of Acceptable Range**

**Post Modification DTI Outside of Acceptable Range:**

We have completed our review of your hardship assistance request under the Making Home Affordable Program (MHAP). However, we are unable to offer you a Home Affordable Modification Program (HAMP) Modification because, in performing our underwriting of a potential modification, the proposed modified monthly payment was outside of the range of 10% - 55% of your gross monthly income (your income before taxes and other deductions) which we verified as $2,837.64 .

Your modified monthly housing expense must be equal to or greater than 10% and equal to or less than 55% of your gross monthly income in order for you to be eligible for HAMP. The proposed modified monthly payment includes a modified monthly principal and interest payment on your first lien mortgage plus property taxes, hazard insurance premiums and homeowners dues (if any).

The Home Affordable Mortgage Program requires a calculation of the net present value (NPV) of a modification using a formula developed by the Department of Treasury. The NPV calculation requires us to input certain financial information about your income and your loan. When combined with other data in the Treasury NPV model, these inputs estimate the cash flow the investor (owner) of your loan is likely to receive if the loan is modified and the investor's cash flow if the loan is not modified. During the course of our review, a net present value test was performed. Although your request for assistance is not being rejected due to negative NPV results, some of the inputs may have affected the result of the NPV test.

**NPV Data Input Fields and Values**

## Borrower Information

| Input Data Field | Description | Value |
|---|---|---|
| Current Borrower Credit Score | This field identifies your credit score as provided by one or more of the three national credit reporting agencies. | 523 |
| Current Co-Borrower Credit Score | If a co-borrower is listed on the mortgage, this field identifies the co-borrower's credit score as provided by one or more of the three national credit reporting agencies. | N/A |

*continue to next page*

LM_NPVFAIL_v03.01



**PNC**
**MORTGAGE**℠

A Division of PNC Bank, National Association

| Input Data Field | Description | Value |
|---|---|---|
| Monthly Gross Income | This field identifies the monthly gross income of all borrowers on your loan before any payroll deductions or taxes. | $2,837.64 |
| Borrowers Total Monthly Obligations | This field identifies the total monthly debt obligations used to calculate the total debt payment-to-income ratio. | $8,058.40 |
| Principal Residence Total Housing Expense | This field only applies if your application for a HAMP modification is for a property that is not your principal residence.<br><br>This field identifies the amount of the total monthly housing expense (i.e., principal, interest, taxes, insurance and association fees, if any) for your principal residence, and the principal residence(s) of any co-borrower(s). | $2,438.00 |

## Property Information

| Input Data Field | Description | Value |
|---|---|---|
| Property State | This field identifies the two letter state code of the property securing mortgage for which you are applying for a HAMP modification. | WA |
| Property Zip Code | This field identifies the zip code of the property securing the mortgage for which you are applying for a HAMP modification. | 98052 |
| Property Value | This field identifies the estimated fair market value of the property for which you are applying for a HAMP modification that was used for this analysis. | $495,000.00 |
| Property Valuation Type | This field identifies the method by which the property for which you are applying for a HAMP modification was valued:<br><br>1 - Automated Valuation Model (AVM)<br>2 - Exterior Broker Price Opinion (BPO) / Appraisal (as is value)<br>3 - Interior BPO / Appraisal (as is value) | 2 - Exterior BPO |
| Occupancy | This field uses codes to identify the occupancy of the property for which you are applying for a HAMP modification.<br><br>The servicer for owner-occupied properties use a code of 1, 3 or 4 and for non-owner-occupied properties will use a code of 2. | 2 |
| Number of Units | This field identifies the number of dwelling units for the property securing the mortgage for which you are applying for a HAMP modification. | 1 |
| Mark-to-Market Loan-to-Value | This field identifies the ratio that is based upon the modified interest bearing principal balance of the Mortgage and the current value of the property. | 50.819 % |

continue to next page

LM_NPVFAIL_v03.01

PNC
MORTGAGE℠

A Division of PNC Bank, National Association

LOAN NUMBER          1679
DATE                 January 25, 2016
PAGE 3 OF 9

| Input Data Field | Description | Value |
|---|---|---|
| Property Monthly Gross Rental Income | This field only applies if your application for a HAMP modification is for a property that is not your principal residence.<br><br>This field identifies the monthly gross rental income from the property for which you are applying for a HAMP modification. | $0.00 |

## Mortgage Information

| Input Data Field | Description | Value |
|---|---|---|
| Data Collection Date | This field identifies the date on which the Unpaid Principal Balance and other data used in the NPV analysis was collected by us. | Jan 20, 2016 |
| Imminent Default Flag | This field indicates your default status as of the Data Collection Date. If you have not missed any payments or less than two payments are due and unpaid by the end of the month in which they are due, you are considered to be in imminent default and the value in this field is "Y". If two or more payments are due and unpaid by the end of the month in which they are due as of the Data Collection Date, the value in this field is "N". | N |
| Investor Code | This field identifies the owner of the mortgage for which you are applying for a HAMP modification.<br><br>1 - Fannie Mae<br>2 - Freddie Mac<br>3 - Private<br>4 - Portfolio<br>5 - Ginnie Mae | 4 - Portfolio |
| Servicer Loan Number | This field represents the unique identifier assigned by the Servicer for the loan which you are applying for a HAMP modification. | 0001971679 |
| HMP Servicer Number | This field represents the unique identifier assigned to the Servicer of the mortgage for which you are applying for a HAMP modification. | 902639187 |
| Unpaid Principal Balance at Origination | This field identifies the amount of the mortgage for which you are applying for a HAMP modification at the time it was originated (i.e., the amount you borrowed). | $310,000.00 |
| First Payment Date At Origination | This field identifies the date the first payment on the mortgage for which you are applying for a HAMP modification was due after it was originated. | Mar 01, 2003 |
| Product Before Modification | This field uses codes to identify the type of mortgage you held prior to your most recent application for a HAMP modification:<br><br>1. Adjustable Rate Mortgage (ARM)<br>2. Fixed Rate<br>3. Step Rate | 2 - Fixed Rate |

continue to next page

LM_NPVFAIL_v03.01

**PNC MORTGAGE℠**

A Division of PNC Bank, National Association

| Input Data Field | Description | Value |
|---|---|---|
| Adjustable Rate Mortgage (ARM) Reset Date | This field applies only if the type of mortgage you held prior to your most recent application for a HAMP modification is an Adjustable Rate Mortgage (ARM) loan.<br><br>This field identifies the date on which the next Adjustable Rate Mortgage (ARM) reset was due to occur, as of the Data Collection Date. | N/A |
| Next Adjustable Rate Mortgage (ARM) Reset Rate | This field identifies the rate at which your mortgage was expected to change based on when the next reset date is scheduled to occur. Please look to your mortgage loan documentation for information on how your mortgage's rate is recalculated at its reset date.<br><br>If the reset date on your ARM loan is within 120 days of the Data Collection Date, this value in this field is the expected interest rate on your mortgage at the next reset date.<br><br>If the reset date on your ARM loan is more than 120 days from the Data Collection Date, the value in this field is your current interest rate at the time of NPV evaluation. | N/A |
| Unpaid Principal Balance Before Modification | This field identifies the unpaid amount of principal (money you borrowed) on the mortgage for which you are applying for a HAMP modification as of the Data Collection Date. It does not include any unpaid interest or other amounts that you may owe. | $251,552.14 |
| Interest Rate Before Modification | This field identifies the interest rate on the mortgage for which you are applying for a HAMP modification as of the Data Collection Date. Please look to your mortgage loan documentation (including any permanent modification documentation if previously modified) for information on the interest rate of your mortgage. | 5.875 % |
| Amortization Term Before Modification | This field represents the number of months between the scheduled first payment due date and the maturity date of the mortgage for which you are applying for a HAMP modification, expressed in months. | 360 |
| Remaining Term (# of Payment Months Remaining) | This field identifies the remaining number of months you have left to pay under the original term of the mortgage for which you are applying for a HAMP modification as of the Data Collection Date. Please look to your mortgage loan documentation (including any permanent modification documentation if previously modified) for information on the term of your mortgage. | 201 |

*continue to next page*

LM_NPVFAIL_v03.01

To request information or notify us of an error regarding your account, please send a written request/notice to
**PNC Mortgage**
PO Box 8807
Dayton, OH 45401-8807

![PNC MORTGAGE]

A Division of PNC Bank, National Association

| Input Data Field | Description | Value |
|---|---|---|
| Principal And Interest Payment Before Modification | This field is the amount of principal and interest you were scheduled to pay each month as of the Data Collection Date.<br><br>A. If your loan had an adjustable rate scheduled to reset within 120 days, this field will reflect the principal and interest payment associated with the new interest rate.<br><br>B. If your loan had an adjustable rate scheduled to reset after 120 days, this field will reflect the current scheduled monthly mortgage payment and the note interest rate in effect at the time of evaluation.<br><br>C. If your mortgage is an Interest Only loan and your loan was in the interest only period, the value in this field is the interest payment that was due each month.<br><br>D. If your mortgage is a negative-amortization loan, the value in this field is the greater of:<br>    a. the principal and interest payment you sent on the most recent payment date; or<br>    b. the minimum payment required on your loan.<br><br>For a loan that defaulted under the HAMP Trial Period Plan, enter the contractual monthly P&I payment as of the Data Collection Date. For a loan that defaulted under the HAMP permanent modification, enter the permanent HAMP modification monthly P&I payment. | $1,833.77 |
| Monthly Real Estate Taxes | This field identifies the monthly cost of your real estate taxes. If your taxes are paid annually this amount will be 1/12th of the annual cost. | $388.23 |
| Monthly Hazard Insurance And Flood | This field identifies the monthly cost of your hazard and flood insurance coverage. If your insurance is paid annually this amount will be 1/12th of the annual cost. | $88.14 |
| Homeowners Association Dues / Fees | This field identifies your monthly homeowner's or condominium association fee payments, if any, and/or any future monthly escrow shortages. If your homeowners or condominium association fee payments are paid annually, this will be 1/12th of the annual cost.<br><br>If your property has no association fee payments and/or any future monthly escrow shortages, this field is blank. | $66.95 |
| Months Past Due | This field identifies the number of mortgage payments you would have had to make in order to make your mortgage current, as of the Data Collection Date. | 22 |

continue to next page

To request information or notify us of an error regarding your account, please send a written request/notice to

PNC Mortgage
PO Box 8807
Dayton, OH 45401-8807

**PNC**
**MORTGAGE**℠

A Division of PNC Bank, National Association

| Input Data Field | Description | Value |
|---|---|---|
| Maximum Number of Months Past Due in the Past Year | This field identifies the number of mortgage payments that have been delinquent during the 12 month period prior to the Data Collection Date. | 22 |
| Mortgage Insurance Coverage Percent | This field identifies the percentage of private mortgage insurance coverage on the mortgage for which you are applying for a HAMP modification. If you do not have private mortgage insurance this field is blank. | 0.000 % |
| Capitalized Unpaid Principal Balance Amount | This field identifies the capitalized unpaid principal balance amount that includes all outstanding principal, accrued interest, escrow advances as of the Data Collection Date. | $296,330.89 |
| Capitalized Escrows Advance | This field identifies the required escrow advances already paid by the Servicer and any required escrow advances that are currently due and will be paid by the Servicer during the proposed HAMP trial period plan. | $7,569.92 |
| Loan-to-Value Before Modification | This field identifies the ratio that is based upon the original loan amount and the lesser of the sales price or the appraised value. | 76.543 % |

## Proposed Modification Information

| Input Data Field | Description | Value |
|---|---|---|
| NPV Date | This field identifies the initial date that the Net Present Value evaluation was conducted on the mortgage for which you are applying for a HAMP modification. | N/A |
| Discount Rate Premium | This field represents the rate at which the discount rate is greater than the Freddie Mac Primary Mortgage Market Survey (PMMS) weekly rate for the 30-year conforming loan. | $0.00 |
| Modification Fees | This field identifies the total amount of costs and fees that would have been paid by the investor (owner) of your loan, if you had been approved for a HAMP modification. It includes expenses such as notary fees, property valuation, credit report and other required fees. | $0.00 |
| Mortgage Insurance Partial Claim Amount of the Proposed HAMP Modification | This field identifies any mortgage insurance payout amount as part of the proposed HAMP modified mortgage, which is, at the discretion of your mortgage insurance company.  This should be zero if you were not approved for a trial period plan or permanent HAMP modification for reason of negative NPV. | $0.00 |

continue to next page

LM_NPVFAIL_v03.01

**PNC MORTGAGE™**

A Division of PNC Bank, National Association

| Input Data Field | Description | Value |
|---|---|---|
| Unpaid Principal Balance of the Proposed HAMP Tier 1 Modification (Net of Forbearance & Principal Reduction) | This field identifies the beginning principal balance on which you would have been required to pay interest if you had received a HAMP modification.<br><br>It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Additionally, it may be reduced by proposed principal forbearance or proposed principal forgiveness. | $0.00 |
| Interest Rate of the Proposed HAMP Tier 1 Modification | This field identifies the starting interest rate you have been required to pay on the proposed HAMP modification. This rate would have been fixed for at least the first 5 years after modification. | 0.000 % |
| Amortization Term of the Proposed HAMP Tier 1 Modification | This field identifies the number of months you would have been allotted to pay the proposed HAMP modification. | 0 |
| Principal and Interest Payment of the Proposed HAMP Tier 1 Modification | This field identifies the amount of the monthly principal and interest you would have been required to pay on the proposed HAMP modification. | $0.00 |
| Principal Forbearance Amount of the Proposed HAMP Tier 1 Modification | This field identifies the amount of principal your investor would have been required to forbear on the proposed HAMP modification. You would have still owed this amount, but you would not be charged interest on it and no payments would have been due on this amount until you paid off your loan. | $0.00 |
| Principal Forgiveness Amount of the Proposed HAMP Tier 1 Modification | This field identifies the amount of principal your investor would have to forgive under the proposed HAMP modification. | $0.00 |
| Unpaid Principal Balance of the Proposed HAMP Tier 2 Modification (Net of Forbearance & Principal Reduction) | This field identifies the beginning principal balance [as of the Data Collection Date] on which you would have been required to pay interest if you had received a HAMP Tier 2 modification.<br><br>It is likely to be different than your current principal balance because it includes amounts you owe for missed mortgage payments and unpaid expenses that are allowed to be added (capitalized) to your principal balance. Additionally, it may be reduced by proposed principal forbearance or the amount calculated by the NPV model under the standard Tier 2 modification or proposed principal forgiveness. | N/A |

continue to next page

To request information or notify us of an error regarding your account, please send a written request/notice to
**PNC Mortgage**
**PO Box 8807**
**Dayton, OH 45401-8807**

**PNC MORTGAGE℠**

A Division of PNC Bank, National Association

| Input Data Field | Description | Value |
|---|---|---|
| Principal Forbearance Amount of the Proposed HAMP Tier 2 Modification | This field identifies the amount of principal your investor would have been required to forbear on the proposed HAMP Tier 2 modification. You would have still owed this amount, but you would not be charged interest on it and no payments would have been due on this amount until you paid off your loan. | N/A |
| Investor Override for Proposed Tier 2 Modification | This field indicates whether the owner of your mortgage provides for different terms than would be provided under the standard HAMP Tier 2 Modification. If not, the value in this field is N. If there are terms other than the standard terms, the value in this field is Y. | N |
| Interest Rate Override for Proposed HAMP Tier 2 Modification | This field only applies if the owner of your mortgage provides for a different interest rate than would be provided under the standard HAMP Tier 2 Modification.<br><br>This field identifies the interest rate of the proposed HAMP Tier 2 modified mortgage. This rate is fixed. | N/A |
| Amortization Term Override for the Proposed HAMP Tier 2 Modification | This field only applies if the owner of your mortgage provides for a different amortization term than would be provided under the standard HAMP Tier 2 Modification.<br><br>This field identifies the number of months left to pay the proposed HAMP modified mortgage. | N/A |
| Principal Forbearance Override Amount for the Proposed HAMP Tier 2 Modification | This field only applies if the owner of your mortgage provides for a different forbearance amount than would be provided under the standard HAMP Tier 2 Modification.<br><br>This field identifies the amount of principal forborne on the proposed HAMP modified mortgage. You would have still owed this amount, but you would not be charged interest on it and no payments would have been due on this amount until you paid off your loan. | N/A |
| Principal Forgiveness Amount of the Proposed HAMP Tier 2 Modification | This field identifies the amount of principal your investor would have to forgive under the proposed HAMP Tier 2 modification. | $0.00 |

**If you wish to dispute the NPV Values:**

The NPV input values we used in your NPV evaluation are listed in the NPV Data Input Fields and Values section in this letter. You have 30 calendar days from the date of this letter to provide us with written third party evidence that one or more of the NPV input values is inaccurate. If you wish to dispute more than one NPV input, you must provide us with documented evidence for each input being disputed at the same time. If your written evidence identifies material inaccuracies in the NPV input values, we will not conduct a foreclosure sale until the inaccuracies are reconciled.

If you believe that the "Property Value" input used in the NPV evaluation differs from the fair market value of your home, you must provide us with a recent estimate of the property value and a reasonable basis for that estimate at the same time that you provide evidence of any other disputed NPV value inputs. If the test provides an NPV positive outcome, you have the right to request that we obtain an appraisal to confirm the value of your home and use that appraised value to conduct a new NPV evaluation.

continue to next page

LM_NPVFAIL_v03.01

To request information or notify us of an error regarding your account, please send a written request/notice to
  PNC Mortgage
  PO Box 8807
  Dayton, OH 45401-8807



**MORTGAGE™**

A Division of PNC Bank, National Association

If your written evidence is dated as of the referenced NPV Date, is valid and material to the NPV outcome, we will re-perform the NPV evaluation with the corrected input values. Following the re-evaluation, we will provide you with the updated NPV outcome and input values.

Alternatively, you may request assistance from the MHA Help at the telephone number set forth in this letter prior to contacting us to evaluate whether your disputed NPV inputs, including "Property Value," would change the NPV outcome from negative to positive. Using the disputed inputs you provide, MHA Help will conduct a preliminary NPV re-evaluation and will provide you with the printed NPV result. You should provide that result to us as part of your written evidence that one or more of the NPV input values is inaccurate within 30 calendar days from the date of this letter.

You may only request an NPV re-evaluation from MHA prior to contacting us. If the re-evaluation performed by MHA Help or us using the disputed inputs returns a negative NPV result, you will not be eligible for additional appeals or other inputs.

If you wish to supply valid supporting documentation, you may submit a request along with your full name and full property address via email to **MHA_Inquiry@pncmortgage.com** or you may submit a request in writing to

PNC Mortgage<br>
MHA NPV Disputes<br>
3232 Newmark Drive<br>
B6-YM08-01-9<br>
Miamisburg, OH 45342

Please note that normal servicing of your referenced loan will continue, including collection and foreclosure proceedings, as well as negative credit bureau reporting, if applicable. If these proceedings were previously suspended, they will begin once more.

---

**Here is how you can reach us if you have questions or need assistance:**

Our goal is to help you make informed decisions regarding your home loan, and we are available to support you through this process.

If you have any questions about this notice or mortgage modification requirements, you may contact your representative KELLY W at 1-888-224-4702 ext. 9370720074. Representatives are available Monday through Friday, 8:00 a.m. to 5:00 p.m. You can also visit us online at pnc.com/mortgage; navigate to the Customer Service Center and click the "Having Trouble Making Payments" link.

If you would like additional counseling, you may consider contacting the HOPE Hotline at 1-888-995-HOPE. A project of the nonprofit Homeownership Preservation Foundation, the HOPE Hotline connects homeowners with HUD-approved housing counselors, who offer assistance at no charge.

---

This is an attempt to collect a debt and/or enforce our lien. Any information obtained will be used for that purpose unless prohibited by applicable law. However, if this debt has been discharged or if you are protected by the automatic stay in bankruptcy, we are not attempting to collect the debt from you personally, and if we have obtained relief from the automatic stay, we will only exercise our rights against the property itself. By providing this notice we do not waive any applicable exemptions from state or federal collection laws.

If you are requesting loss mitigation, please note that normal collection and/or foreclosure activity will continue on your loan to the extent allowed by law while your request is being reviewed. Any information requested may be necessary to determine your eligibility for loss mitigation options. There may be additional fees or costs, that have been incurred but that are not included in this document because they have not yet been applied to your account. To the extent there are fees we are permitted to recover from you under the terms of the note and mortgage, or other agreement you have entered into, you will be responsible for these fees and costs when they are applied to your account.

LM_NPVFAIL_v03.01

To request information or notify us of an error regarding your account, please send a written request/notice to
**PNC Mortgage**
PO Box 8807
Dayton, OH 45401-8807